IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **DePuy Mitek, Inc.** <br>     a Massachusetts Corporation <br><br>         **Plaintiff.** <br><br>         v. <br><br> **Arthrex, Inc.** <br>     a Delaware Corporation <br><br>         **Defendant.** | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

### DePuy Mitek's Reply To Arthrex's Counterclaim

Plaintiff, DePuy Mitek, Inc. ("DePuy Mitek") replies to Defendant, Arthrex, Inc.'s ("Arthrex") counterclaim as follows:

1. Admitted.

2. Admitted.

3. DePuy Mitek responds to ¶¶9-18 of Arthrex's Affirmative Defenses which Arthrex incorporated into ¶3 of its counterclaim as follows.

    9. Denied.

    10. Denied.

    11. Denied.

    12. Denied.

    13. Denied.

    14. Denied.

    15. Denied.

16.     DePuy Mitek admits that U.S. Application No. 838,511 ("511 application") issued as U.S. Patent No. 5,314,446 patent ("446 patent"). DePuy Mitek denies that applicants and their attorneys mischaracterized and misrepresented the disclosure of U.S. Patent No. 5,147,400 to Kaplan et al. ("Kaplan") in distinguishing Kaplan from the claims of the 511 application. DePuy Mitek admits that during the prosecution of the 511 application there was a rejection of claims under 35 U.S.C. §§ 102, 103 and that a response was submitted to overcome that rejected. DePuy Mitek denies that applicants and their attorneys falsely represented that the sheath yarn component of Kaplan always contains at least in part, a bio-absorbable portion and that Kaplan teaches away from a combination of non-bio-absorbable yarns. The last sentence of ¶16 is vague and ambiguous because it does not specify what part of any yarn disclosed by Kaplan "does not always contain a bio-absorbable portion" and is a "combination of non-bio-absorbable yarns." Since it is vague and ambiguous, DePuy Mitek denies the averments of the last sentence of ¶16 and except as expressly admitted denies the remaining averments of ¶16.

17.     DePuy Mitek admits that the 511 application was allowed and issued as the 446 patent. DePuy Mitek denies the remaining averments of ¶17.

18.     Denied.

4.      DePuy Mitek admits that Arthrex's declaratory judgment counterclaim arises under the Patent Laws of the United States, Title 35, United States Code, and the declaratory judgment statute, 28 U.S.C. §2201 & 2202. DePuy Mitek also admits that jurisdiction of this Court is founded upon 28 U.S.C. §1338(a), 2201 & 2202.

5.      Admitted.

6. DePuy Mitek denies the averments of ¶6 of Arthrex's counterclaim and responds to its incorporation of ¶¶9-18 of its affirmative defenses by incorporating its response to those paragraphs as set forth above.

7. DePuy Mitek admits only that Arthrex seeks a declaration of the type specified in ¶7 of its counterclaim. DePuy Mitek denies that Arthrex is entitled to any such declaration.

8. Denied.

### DePuy Mitek's Affirmative Defenses To Arthrex's Counterclaim

1. Arthrex has failed to state a claim upon which relief can be granted.

### JURY DEMAND

DePuy Mitek demands a jury trial on all issues to which there is a right to a jury trial.

DEPUY MITEK, INC.,

By its attorneys,

  /s/ Michelle Chassereau Jackson
Daniel J. Gleason (BBO #194900)
Michelle Chassereau Jackson (BBO #654825)
Nutter McClennen & Fish LLP
World Trade Center West
155 Seaport Boulevard
Boston, MA. 02210-2604
617-439-2000

Dianne B. Elderkin
Lynn A. Malinoski
Michael J. Bonella
Erich M. Falke
WOODCOCK WASHBURN LLP
One Liberty Place - 46th Floor
17th and Market Streets
Philadelphia, PA 19103
(215) 568-3100

Dated: January 3, 2005

3