IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **DePuy Mitek, Inc.**<br>　　a Massachusetts Corporation<br><br>　　　　**Plaintiff.**<br><br>　　　　v.<br><br>**Arthrex, Inc.**<br>　　a Delaware Corporation<br><br>　　　　**Defendant.** | )<br>)<br>)<br>)<br>)<br>)  No. 04-12457 PBS<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**Joint Case Management Statement**

Plaintiff and Counterclaim Defendant DePuy Mitek, Inc. ("DePuy Mitek") and Defendant and Counterclaimant, Arthrex, Inc. ("Arthrex") met and conferred on January 14, 2005 and January 25, 2005 pursuant to Federal Rule of Civil Procedure 26(f) and the Court's December 14, 2004 Order. The parties jointly submit this Case Management Statement.

**I.     Agenda of Matters to be Discussed at the Scheduling Conference**

　　**A.     Proposed Scheduling Order & Discovery Limits**

The parties have agreed to a proposed schedule and discovery limits as set forth below in section IV and submit them for the Court's approval.

　　**B.     Proposed Protective Order**

The parties believe that a Protective Order will facilitate discovery and trial proceedings in this matter. The parties have substantially agreed to the terms of a Protective Order and expect to submit it to the Court shortly.

1

C.  **Timing of Alternative Dispute Resolution**

The parties agree that alternative dispute resolution, most likely in the form of non-binding mediation, would most likely have the greatest chance of success after some liability and damages discovery. (*See* section V).

D.  **Settlement Proposal**

Pursuant to the Court's rules, DePuy Mitek served its settlement demand on Arthrex and Arthrex is prepared to respond at the conference. (*See* section V).

II. **Description of the Case**

A.  **Parties' Claims**

DePuy Mitek alleges that Arthrex is infringing United States Letters Patent No. 5,314,446 ("446 Patent") entitled "Sterilized Heterogeneous Braids" by its making, using, selling, and offering for sale braided sutures as claimed in the 446 Patent, including those sold under the trade name FiberWire™, and braided sutures products, such as those incorporating needles and anchors. DePuy Mitek also alleges that Arthrex's infringement has been and is willful.

Arthrex denies DePuy Mitek's allegations of infringement and willful infringement and asserts affirmative defenses that the 446 Patent is invalid and unenforceable. Arthrex also asserts as affirmative defenses laches and patent misuse, and has also filed a counterclaim for patent misuse. Arthrex seeks a declaratory judgment that it does not infringe the 446 Patent and that the patent is invalid and unenforceable. Arthrex further contends that the case is exceptional, meriting an award of attorneys' fees to Arthrex.

DePuy Mitek denies that Arthrex is entitled to a declaratory judgment of noninfringement, invalidity, and/or unenforceability. DePuy Mitek asserts affirmative defenses

2

to those claims and denies Arthrex's laches and patent misuse allegations. DePuy Mitek also pleads that Arthrex failed to state a claim upon which relief may be granted.

### B. Claims For Relief

#### 1. DePuy Mitek

DePuy Mitek is seeking damages sufficient to compensate it for Arthrex's infringement and is requesting that any such damages be trebled and awarded to DePuy Mitek with interest. Because the information that DePuy Mitek needs to ascertain the extent of its damages is within the possession, custody and control of Arthrex, DePuy Mitek is unable to provide more specific information at this time. DePuy Mitek nonetheless contends that it has experienced economic injury as well as irreparable harm as a result of Arthrex's infringement of the 446 Patent. Pursuant to 35 U.S.C. § 284, it is entitled to no less than a reasonable royalty for the use made of the patented inventions, together with interest and costs as fixed by the Court.

DePuy Mitek alleges that Arthrex has engaged in, and continues to engage in, willful infringement of the 446 Patent, which justifies an increase of three times the damages to be assessed pursuant to 35 U.S.C. § 284. These circumstances also warrant a finding that this is an exceptional case supporting the award of reasonable attorneys' fees pursuant to 35 U.S.C. § 285.

Pursuant to 35 U.S.C. § 283, DePuy Mitek seeks the entry of an injunction enjoining and restraining Arthrex from further infringement of the 446 Patent.

#### 2. Arthrex

Arthrex denies that DePuy Mitek is entitled to any relief. Moreover, Arthrex believes that the circumstances support a finding that this is an exceptional case and thus, Arthrex should be awarded reasonable attorney's fees pursuant to 35 U.S.C. § 285. In the event that it is found that DePuy Mitek is entitled to monetary relief, Arthrex asserts that DePuy Mitek should only be awarded a reasonable royalty recovery.

**III.    Jurisdiction And Parties**

The parties agree that the Court has subject matter jurisdiction over DePuy Mitek's claims and Arthrex's counterclaims, subject to the matters pleaded in the complaint, answer and counterclaim, and reply to the counterclaim. The bases for jurisdiction are set forth in the pleadings. The parties agree that they are subject to the Court's jurisdiction. All parties have been served.

**IV.    Discovery**

    **A.    Generally**

The parties presently intend to take discovery on at least the following issues:

- whether the accused FiberWire™ devices infringe claims of the 446 Patent;
- whether Arthrex's infringement has been and is willful;
- whether the claims of the 446 Patent are valid under applicable provisions of 35 U.S.C. §§ 102, 103 and 112;
- whether DePuy Mitek has engaged in patent misuse;
- whether persons involved in the prosecution of the 446 Patent committed inequitable conduct;
- the amount of damages owed on any claim where liability is found;
- construction of terms in the asserted claims of the 446 Patent;
- whether any damages should be enhanced if willful infringement is found; and
- whether laches precludes DePuy Mitek's action against Arthrex or otherwise limits the damages to which DePuy Mitek is entitled.
- The parties have exchanged their initial disclosures. The parties have agreed to exchange initial disclosure documents on February 25, 2005.

The parties intend to pursue both written and oral discovery, including requests for admission, requests for the production of documents and things, interrogatories, and depositions. The parties are not aware of any alternate methods available to obtain the necessary information.

The parties also discussed the option of phasing discovery. With the exception of expert discovery, DePuy Mitek does not believe that phasing discovery will be efficient. DePuy Mitek submits that the parties should engage in discovery on all issues so that the parties can develop fully all the issues and have them joined in a timely manner. DePuy Mitek also submits that engaging in discovery on all issues will minimize discovery disputes directed to categorizing in which phase particular discovery may properly fall (*e.g.,* should information relating to the commercial success of products covered by the patent be categorized as liability discovery because it relates to the issue of obviousness, or as damages discovery?).

Arthrex believes that there is no current need for staged discovery (with the exception of expert discovery discussed below), but reserves the right to seek staged discovery should subsequent events demonstrate that staged discovery is the most efficient manner to prosecute this litigation.

**B.    Discovery Plan**

**1.    Limitations on discovery**

The parties propose that the number of depositions and discovery requests be governed by the Federal Rules of Civil Procedure and Local Rule 26.1 (c), with the following modifications and clarifications:

- Each party shall be limited to fifteen (15) fact depositions, including 30(b)(6) depositions having reasonably related topics. The parties shall be entitled to take more than one 30(b)(6) deposition. Each seven hours of 30(b)(6) testimony (whether given by one or multiple witnesses) will count as one deposition. The

5

parties have also agreed to produce any fact witnesses that they expect to have testify at trial for deposition (if that witness has not been previously deposed in this case). The limit on the number of fact depositions excludes expert depositions.

- The parties shall be permitted to serve more than two separate sets of document requests.

**2.    Pretrial Schedule**

The parties' proposed pretrial schedule is set forth below.

| Event | Date |
| --- | --- |
| Last day to amend pleadings | April 1, 2005 |
| Last day to add parties | April 1, 2005 |
| Parties exchange list of disputed terms and claim construction positions re:same | August 12, 2005 |
| Meet and confer re:disputed terms | August 19, 2005 |
| Parties serve Opening Claim Construction Briefs | September 16, 2005 |
| Parties serve Reply Claim Construction Briefs | October 14, 2005 |
| Claim Construction Hearing | Week of November 7, 2005[1] |
| Arthrex elects whether it will rely on advice of counsel | October 31, 2005 |
| Fact discovery cut-off | January 31, 2006 |
| Parties serve opening expert reports on the issues on which they bear the burden of proof | February 17, 2006 |

---

[1]     The Federal Circuit has agreed to hear, en banc, *Phillips v. AWH Corp.*, No. 03-1269, 1286, which raises significant issues regarding the proper methodology for construing claims. Oral argument was heard on February 8, 2005. Arthrex believes that the Federal Circuit decision in *Phillips* may significantly impact how the claims should be construed in this case. Thus, if no decision in *Phillips* is rendered by the scheduled date of the *Markman* claim construction hearing, Arthrex believes that a postponement of the *Markman* hearing may be appropriate to avoid duplication of effort by the parties and the Court. DePuy Mitek disagrees with Arthrex to the extent Arthrex is proposing that the schedule be modified and/or linked to the timing of the *Phillips* decision.

| Event | Date |
|---|---|
| Responsive expert reports | March 17, 2006 |
| Close of expert discovery | April 28, 2006 |
| Opening Briefs on Summary Judgment (last day to file dispositive motions) | May 19, 2006 |
| Opposition Summary Judgment Briefs | June 9, 2006 |
| Reply Summary Judgment Briefs | June 21, 2006 |
| Summary Judgment Hearing | Week of July 10, 2006 |
| Final Pretrial Conference | August 9, 2006 |
| Trial (5-7 days) | September 11, 2006 |

The parties agree that, to the extent they still exist, certain issues involving inequitable conduct and patent misuse may be more properly resolvable by the Court rather than the jury.

## V.     Alternative Dispute Resolution & Settlement

The parties have met and conferred regarding alternative dispute resolution procedures. DePuy Mitek, consistent with the Local Rules, submitted its settlement proposal to Arthrex. Arthrex will be prepared to respond at or before the scheduling conference. Although the parties do not rule out alternative dispute resolution procedures as a means to resolve this dispute, the parties believe that alternative dispute resolution would not be effective until at least some discovery regarding liability and damages issues has been taken.

The parties' certifications pursuant to Local Rule 16.1(d)(3) are being filed concurrently herewith.

## VI.     Other Matters

The parties do not consent to trial before a magistrate judge.

7

Dated:   February 11, 2005              DEPUY MITEK, INC.,
                                        By its attorneys,

                                         /s/  Michelle Chassereau Jackson
                                        Daniel J. Gleason (BBO #194900)
                                        Michelle Chassereau Jackson (BBO #654825)
                                        Nutter McClennen & Fish LLP
                                        World Trade Center West
                                        155 Seaport Boulevard
                                        Boston, MA. 02210-2604
                                        617-439-2000

                                        Dianne B. Elderkin
                                        Lynn A. Malinoski
                                        Michael J. Bonella
                                        Erich M. Falke
                                        WOODCOCK WASHBURN LLP
                                        One Liberty Place - 46th Floor
                                        17th and Market Streets
                                        Philadelphia, PA 19103
                                        (215) 568-3100

Dated:  February 11, 2005               ARTHREX, INC.,
                                        By its attorneys,

                                         /s/  Christopher Weld, Jr.
                                        Christopher Weld, Jr. (BBO # 522230)
                                        Raymond P. Ausrotas (BBO # 640315)
                                        TODD & WELD LLP
                                        28 State Street, 31st Floor
                                        Boston, MA 02109
                                        Telephone: (617) 720-2626
                                        Facsimile: (617) 227-5777

                                        Charles W. Saber
                                        Stephen A. Soffen
                                        Salvatore P. Tamburo
                                        DICKSTEIN SHAPIRO MORIN
                                        *& OSHINSKY*  LLP
                                        2101 L Street NW
                                        Washington, D.C.  20037-1526
                                        Telephone: (202) 785-9700
                                        Facsimile: (202) 887-0689

1403369.1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DePuy Mitek, Inc. )
   a Massachusetts Corporation )
       Plaintiff. )
       v. )   No. 04-12457 PBS
Arthrex, Inc. )
   a Delaware Corporation )
       Defendant. )

## Local Rule 16.1 (d)(3) Certification

I, Barbara McCormick, Esq., am in-house litigation counsel for DePuy Mitek and responsible for the present litigation. I have discussed with Dianne Elderkin, Esq., outside counsel for DePuy Mitek in this matter, the following:

- a budget for the present matter, including discovery and up through a proposed trial in the third quarter of 2006, and other alternative courses to resolve the matter; and

- potential settlement proposals and the possibility of alternative dispute resolution programs.

Dated: Jan. 26, 2005

*Barbara McCormick* (signature)

Barbara McCormick, Esq.
Johnson & Johnson Law Department
One Johnson & Johnson Plaza
New Brunswick, NJ 08933
732-524-3758

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DePuy Mitek, Inc.<br>a Massachusetts Corporation<br><br>Plaintiff.<br><br>v.<br><br>Arthrex, Inc.<br>a Delaware Corporation<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>) No. 04-12457 PBS<br>)<br>)<br>)<br>)<br>) |

### Local Rule 16.1 (d)(3) Certification

I, Dianne B. Elderkin, Esq., am outside litigation counsel for DePuy Mitek. I have discussed with Barbara McCormick, Esq., an authorized representative for DePuy Mitek, the following:

- a budget for the present matter, including discovery and up through a proposed trial in the third quarter of 2006, and other alternative courses to resolve the matter; and

- potential settlement proposals and the possibility of alternative dispute resolution programs.

Dated: Jan. 28, 2005

_Dianne Elderkin_

Dianne B. Elderkin
WOODCOCK WASHBURN LLP
One Liberty Place - 46th Floor
17th and Market Streets
Philadelphia, PA 19103
(215) 568-3100

Counsel for DePuy Mitek, Inc.

Certification Pursuant to Local Rule 16.1(D)(3)

Defendant Arthrex, Inc. and its counsel hereby certify that they have conferred (a) with a view toward establishing a budget for the costs of conducting the full course – and various alternative courses – of the litigation, and (b) to consider the resolution of the litigation through the use of alternative dispute resolution programs such as those outlined in LR 16.4.

_____
Charles W. Saber,
Counsel for Defendant Arthrex, Inc.

_____
John W. Schmieding, Authorized
Representative for Arthrex, Inc.