IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DePuy Mitek, Inc. ) | CIVIL ACTION NO. 04-12457 PBS |
|    a Massachusetts Corporation ) | |
| ) | |
|    Plaintiff. ) | |
| ) | |
| v. ) | |
| ) | |
| Arthrex Inc., ) | |
|    a Delaware Corporation ) | |
| ) | |
|    Defendant. ) | |

## STIPULATED PROTECTIVE ORDER

The parties agree to be bound by the terms of this Stipulated Protective Order until such time as the Court has entered it as an order or has specifically ruled that it shall not be entered or shall be modified.

By agreement of the parties and for good cause the Court finds that a protective order should be entered pursuant to Federal Rules of Civil Procedure Rule 26 for the purpose of protecting commercial and confidential information of the parties, as follows:

IT IS HEREBY ORDERED THAT:

1.    Whenever counsel for any party or third party to whom discovery is directed (referred to hereinafter as "party" or "parties"), represents that documents, things or information provided during the course of this litigation, including, without limitation, during depositions and in response to subpoenas, subpoenas duces tecum, interrogatories, document requests, and requests for admissions contain, include or constitute confidential information of that party, each such document, each copy thereof, each such thing and all such information which is designated by said party as containing or constituting confidential material shall, if in writing, be stamped or marked "CONFIDENTIAL," "CONFIDENTIAL – OUTSIDE ATTORNEYS EYES ONLY," or "CONFIDENTIAL –

NON-PATENT PROSECUTION COUNSEL ONLY" (collectively "Confidential Material"). Confidential Material produced on any computer-related media may be designated as Confidential Material by a producing party and any hard copy or printout shall be stamped or marked as Confidential Material by the receiving party. The designation or non-designation of material as Confidential Material does not alter or enhance the nature of that Confidential Material or its confidentiality or non-confidentiality or create a presumption of confidentiality or non-confidentiality.

2.      Absent a contrary designation at a deposition, only persons who are qualified recipients under both the "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" and "CONFIDENTIAL – NON-PATENT PROSECUTION COUNSEL ONLY" as defined below shall have access to information disclosed at a deposition until ten (10) calendar days following receipt of the deposition transcript by the deposing party. Parties (and deponents) may, at any time during a deposition or within ten (10) calendar days following receipt of a deposition transcript, designate portions as Confidential Material. Confidential Material within the deposition transcript shall be designated by marking pages containing such information with the following legends: "CONFIDENTIAL," "CONFIDENTIAL – OUTSIDE ATTORNEYS EYES ONLY," or "CONFIDENTIAL – NON-PATENT PROSECUTION COUNSEL ONLY". Although all counsel of record may take, defend or attend any deposition in this action, counsel of record will not use prosecution counsel to take or defend a deposition where the testimony is likely to involve information that the opponent will designate "CONFIDENTIAL NON-PATENT PROSECUTION COUNSEL ONLY." Patent prosecution counsel may be excused by opposing counsel from any portion of a deposition in which information falling into the category of "CONFIDENTIAL – NON-PATENT PROSECUTION COUNSEL ONLY" is sought or is likely to be disclosed.

3.      All Confidential Material produced under this Protective Order is to be used solely for the purpose of this action as set forth in this Protective Order and for no other purpose and using any of the opponent's confidential material to prosecute patents or draft

patent claims is strictly prohibited. "Confidential Material" includes, but is not limited to, (i) proprietary technical information and specifications, (ii) trade secrets as defined under the Uniform Trade Secrets Act, national, state, local law or other applicable case law, (iii) confidential know-how, and (iv) proprietary business and financial information, including information about sales, costs and profits, existing and potential customers and licensees, marketing studies, performance and projections, business strategies, personnel compensation, evaluations and other employment information, (v) confidential and proprietary information about affiliates, parents, subsidiaries and third parties with whom the parties to this action have or have had business relationships, and (vi) any other non-public information, which the producing party would normally not reveal to third parties, or if disclosed, would require third-parties to maintain in confidence. Material designated as CONFIDENTIAL, copies thereof, summaries thereof, and the information contained therein, shall be made available only to, disclosed only to, or inspected only by:

a.  Outside counsel who are actively engaged in the conduct of this litigation, and the partners, associates, secretaries, paralegal assistants, employees, independent translators, trial consultants (and any mock jurors or focus groups not including party employees working with the trial consultants) or independent third-party contractors of such counsel to the extent reasonably necessary to render professional services in the litigation under their supervision.

b.  in accordance with the provisions of Paragraph 6 below, independent experts retained for consultation or for testimony in this litigation and their legal and clerical staff, but such independent experts may only receive material designated as CONFIDENTIAL that relates to the expert's area of consultation or expected area of testimony;

c.  authors and original and copy addressees of such CONFIDENTIAL materials, and any person to whom the parties agree in writing;

3

    d.    court officials involved in this litigation (including court reporters, official translators, persons operating video recording equipment at depositions, and any special master appointed by the Court); and

    e.    the following designated persons from each party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action:

        (i)    For Arthrex: John W. Schmieding, Esq. and R. Scott Price, Esq.

        (ii)    For DePuy Mitek: Barbara McCormick, Esq., Taysen Van Itallie, Esq., and Philip S. Johnson, Esq.;

The above designations may be changed by consent of the opposing party or by Court order.

4. The designation "CONFIDENTIAL: OUTSIDE ATTORNEYS EYES ONLY" shall be used only for the subset of Confidential Material that constitutes proprietary business or financial information of the producing party as described in paragraph 2(a)(iv), and non-public and confidential material concerning pending, abandoned, and draft patent applications. Material designated as "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" that has been obtained from a party during the course of this proceeding may be disclosed only to:

    a.    counsel for either party as defined in Paragraphs 3(a);

    b.    court officials involved in this litigation (including court reporters, official translators, persons operating video recording equipment at depositions, and any special master appointed by the Court); and

    c.    independent experts or consultants, as identified in Paragraph 3(b) above, and pursuant to the provisions of Paragraph 6 hereof; and

    d.    authors and original and copy addressees of such CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY materials, and

4

e.  any other persons as to whom the parties agree to in writing.

5.  In addition to foregoing provisions, the parties shall have the right to designate documents which are reasonably deemed by the producing party to contain or concern confidential research and development information, technical competitive product information, and any information that could reasonably be used by a patent prosecutor to prepare or prosecute patent applications or draft claims as "CONFIDENTIAL – NON-PATENT PROSECUTION COUNSEL ONLY." Such documents designated as "CONFIDENTIAL – NON-PATENT PROSECUTION COUNSEL ONLY" are to be used solely for the purpose of this action and for no other purpose, and may not be made available to anyone involved in the preparation or prosecution of patent applications for the receiving party or Ethicon, Inc. or to anyone involved in the preparation or prosecution of patent applications for sutures, suture anchors, sutures attached to needles, or sutures attached to other products on behalf of affiliates of a party. Notwithstanding the above, such documents designated as "CONFIDENTIAL – NON-PATENT PROSECUTION COUNSEL ONLY" may only be disclosed to:

>   a.  Dickstein Shapiro Morin & Oshinsky LLP and Todd & Weld LLP attorneys who are not involved in any way in prosecuting any patents for Arthrex or patents claiming sutures, suture anchors, sutures attached to needles, or sutures attached to other products for an Arthrex affiliate, paralegal assistants, secretaries, employees, independent translators, trial consultants (and any mock jurors or focus groups not including party employees working with the trial consultants) or independent third-party contractors of such counsel to the extent reasonably necessary to render professional services in the litigation under their supervision, and for Arthrex: R. Scott Price, Esq. Under no circumstances will information designated "CONFIDENTIAL – NON-PATENT PROSECUTION COUNSEL

       ONLY" be disclosed to Stephen A. Soffen, Esq., Peter McGee, Esq., and Gabriella Coman of Dickstein Shapiro Morin & Oshinsky LLP.

   b.   Woodcock Washburn LLP and Nutter McClennen & Fish LLP attorneys, who are not involved in any way in prosecuting any patents for DePuy Mitek, any patents for Ethicon, Inc., or patents claiming sutures, suture anchors, sutures attached to needles, or sutures attached to other products for a DePuy Mitek affiliate, secretaries, paralegal assistants, employees, independent translators, trial consultants (and any mock jurors or focus groups not including party employees working with the trial consultants) or independent third-party contractors of such counsel to the extent reasonably necessary to render professional services in the litigation under their supervision, and for DePuy Mitek: Barbara McCormick, Esq., Taysen Van Itallie, Esq., and Philip S. Johnson, Esq. Under no circumstances will information designated "CONFIDENTIAL – NON-PATENT PROSECUTION COUNSEL ONLY" be disclosed to William C. Geary III, Ronald E. Cahill, Lisa J. Michaud, Jasbir Sagoo, Kevin Cronin, and Michelle Z. Bielunis of Nutter McClennen & Fish LLP.

   c.   Those persons identified in ¶¶3(b)(c) and (d).

6.   Before an expert consultant is afforded access to another party's Confidential Material, the identity and current résumé or curriculum vitae (including employment history) of the expert shall be furnished to all parties. The parties shall be allowed to disclose confidential material to such experts unless within five (5) business days after the identity information, curriculum vitae and signed Secrecy Agreement (Appendix A) has been provided to the Producing Party, the Producing Party objects to the disclosure of confidential material to the particular expert. If the objections are not resolved by the parties, the Producing Party has 14 days (two calendar weeks) from the time the Receiving

6

Party notifies the Producing Party that is disagrees with the Producing Party's objections to raise its objections with the Court. If an objection to an expert is made and the objections are brought to the Court's attention within the previously described fourteen days, the producing party's confidential material shall not be provided to the objected-to expert until approval is granted by the Court or the parties resolve the matter. The burden is on the objecting party to demonstrate good cause why confidential material may not be shown to the appointed expert. If an objection to an expert is made and the producing party fails to bring the objections before the Court within the previously described fourteen days, the receiving party may show the producing party's confidential material to is expert, and the producing party will be deemed to have waived its objections. The producing party will not, however, be deemed to have waived any objection it did not have actual knowledge of at the time if failed to raise the objections with the Court.

7. Except for counsel, counsel's employees, counsel's third-party vendors, and the Court, each person in Paragraphs 3-6 above, above who is permitted to have access to Confidential Material under this Protective Order shall read this Protective Order and sign the Declaration attached as Appendix A before being afforded such access. A copy of such signed Declaration shall be maintained by counsel for the party providing such access.

8. Subject to the provisions of Paragraphs 3-6 hereof, Confidential Material, copies thereof, and the information contained therein, shall not be disclosed in any manner by counsel to any other persons, until and unless (a) counsel for the party asserting confidentiality withdraws its designation, or (b) the Court orders such disclosure.

    a. Confidential Material that is filed with the Court shall be filed under seal in accordance with the Court's procedures for such filings. In the absence of specific Court procedures for filing documents under seal, Confidential Material shall be filed or presented in sealed containers bearing the title of this action and the identity of the party to whom the Confidential Material belongs and marked "FILED UNDER

7

SEAL, CONTAINS CONFIDENTIAL MATERIAL UNDER PROTECTIVE ORDER – TO BE OPENED ONLY UPON ORDER OF THE COURT." Where practical, only confidential portions of filings with the Court shall be filed under seal.

b. The parties will address how confidential material will be used at trial in the pre-trial order.

c. If any counsel should conclude that for the purposes of this action they need to disclose any Confidential Material to any persons other than those identified in Paragraphs 3-6, they may request that counsel for the party asserting confidentiality grant permission to do so for specified documents. The provisions of this Protective Order may be modified as to specified documents by written agreement between counsel for the parties. If counsel cannot agree as to the disposition of such a request, any of them may apply to the Court for a ruling thereon.

d. If Confidential Material is to be used or referred to in a deposition or incorporated in a deposition transcript, arrangements with the reporter shall be made by the designating party to bind the portion of the transcript relating or referring to the Confidential Material separately and label it as Confidential and as subject to this Protective Order. During the deposition of any party producing any document designated as confidential, such document may be shown without consent to the author and recipients of that document, any officer, director, agent, or employee of the producing party and any former officer, director, employee, or agent of the producing party who has prior knowledge of the confidential material, subject to the condition that when such designated document is so used, the party who made

8

the designation may notify the reporter than any portions of the deposition pertaining to such designated document is being taken pursuant to this Order.

e. Any other discovery based upon Confidential Material or disclosing the contents thereof which is designated as Confidential Material by counsel to the party testifying, any information set forth in or derived from said information marked as Confidential Material as set forth above, any pleadings, affidavits or other papers filed with the Court to the extent that they disclose such information or portions thereof, and any summaries or notes including Confidential Material prepared from said information marked as Confidential Material shall be subject to the same restrictions regarding disclosure as such Confidential Material, and if submitted to the Court shall be submitted as provided in part (a) of this Paragraph.

9. The restrictions set forth in any of the preceding paragraphs shall not apply to:

a. any information which after disclosure becomes available to the public through no act, or failure to act, on behalf of the receiving party, its counsel or independent consultant; and

b. any information which the receiving party, its counsel or independent consultants can show (i) was already known to the receiving party from legitimate sources, (ii) was independently developed by the receiving party, or (iii) was received after the time of disclosure hereunder from a third party having the right to make such disclosure and was not required to be held in confidence; or (iv) was in the public domain at the time of its disclosure to the receiving party. If

DSMDB1830340
DSMDB1830340

any party objects to the classification of any materials as Confidential Material at any time during the pendency of this case, that party shall give written notice of its objection to the other party. After such notice is made, the parties shall confer and in good faith attempt to resolve their differences. If they are unable to resolve their differences, the producing (designating) party may apply to this Court for appropriate relief at any time. Any party asserting that the materials are Confidential Material in nature shall have the burden of making such a showing in support of its position. During the time the Court considers any such request, the materials will continue to be treated as Confidential Material in accordance with this Order. Nothing in this Protective Order shall limit or modify the rights of any party to see the documents which it produces to another party.

10. This Protective Order is protective in nature only and shall not deprive any party of its right to object to discovery by any other party of materials as to which objection to disclosure is made.

11. Upon final termination of this litigation, each party or other person subject to the terms hereof shall be under an obligation to assemble and to return to the originating source all originals and marked copies of Confidential Material or to destroy, and verify the destruction of, such Confidential Material, and to destroy, if requested, and verify the destruction of all copies of Confidential Material which contain and/or constitute attorney work product as well as excerpts, summaries and digests revealing Confidential Material; provided, however, that counsel may retain complete copies of all pleadings including any exhibits attached thereto filed with the Court, for archival purposes, subject to the provisions of this Protective Order.

12. All documents and things marked as Confidential Material and covered by this Protective Order shall be kept only by those permitted access herein, and in such a

manner as to protect against disclosure to those not permitted access to such confidential documents and things.

13. Nothing in this Order shall prevent or otherwise restrict outside counsel of record from rendering advice to their client who is a party to this action and, in the course thereof, relying generally on such counsel's examination of confidential material; provided, however, that in rendering such advice and otherwise communicating with such client, such counsel shall not make specific disclosure of any information or documents so designated except pursuant to the procedures of Paragraphs 3-6.

Nothing in this Agreement shall prohibit the transmission or communication of confidential material between or among qualified recipients by hand-delivery, face-to-face conference, or

   a. in sealed envelopes or containers via the mails or an established freight, delivery or messenger service; or

   b. by telephone, telegraph, facsimile or other electronic transmission system, if, under the circumstances, there is not reasonable likelihood that the transmission will be intercepted or misused by any person who is not a qualified recipient.

Confidential material shall not be copied or otherwise reproduced by a Receiving Party, except for transmission to qualified recipients, without the written permission of the Producing Party, or in the alternative, by order of the Court. Nothing herein shall, however, restrict a qualified recipient from making working copies, abstracts, digests and analyses of confidential material under the terms of this order. Further, nothing herein shall restrict a qualified recipient from converting or translating confidential material into machine readable form for incorporation into a data retrieval system used in connection with these actions, provided that access to confidential material, in whatever form stored or reproduced, shall be limited to qualified recipients.

DSMDB1830340
DSMDB1830340

14. It is agreed that inadvertent production of documents or information subject to the attorney-client privilege or work product immunity (despite the parties' reasonable efforts to prescreen such documents and information prior to its production) does not waive the attorney-client privilege or work product immunity if a request for return of such documents or information is made promptly after the producing party learns of its inadvertent production.

15. If a party, through inadvertence, produces any Confidential Material without labeling or otherwise designating it as such in accordance with the provisions of this Order, the producing party may give written notice to the receiving party that the document or thing previously produced, or a portion therein, is deemed Confidential Material and should be treated as such in accordance with the provisions of this Order. The receiving party must treat such documents and things as Confidential Material from the date such notice is received. Disclosure, prior to the receipt of such notice, of such Confidential Material to persons not authorized under this Order to receive such Confidential Material shall not be deemed a violation of this Order; provided, however, that the party making such disclosure shall notify the other party in writing of all persons to whom such disclosure was made and make reasonable efforts to retrieve the disclosed information.

16. This Protective Order shall survive the termination of this action.

17.     This Protective Order is entered without prejudice to the right of any party to move the Court for modification of or relief from any of its terms.

Respectfully submitted,

Date:  March 15, 2005                    /s/ Lynn A. Malinoski
                                         Dianne B. Elderkin
                                         Lynn A. Malinoski
                                         Michael J. Bonella
                                         Erich M. Falke
                                         WOODCOCK WASHBURN, LLP
                                         One Liberty Place, 46th Floor
                                         Philadelphia, PA 19103
                                         215- 568-3100

                                         Daniel J. Gleason (BBO#194900)
                                         Michelle Chassereau Jackson (BBO#654825)
                                         Nutter McClennen & Fish LLP
                                         World Trade Center West
                                         15 Seaport Boulevard
                                         Boston, MA. 02210-2604
                                         617-439-2000

                                         Attorneys for DePuy Mitek, Inc.

Date:  March 15, 2005                /s/ Charles W. Saber
                                     Charles W. Saber
                                     Stephen A. Soffen
                                     Salvatore P. Tamburo
                                     DICKSTEIN SHAPIRO MORIN &
                                     OSHINSKY LLP
                                     2101 L Street, N.W.
                                     Washington, D.C.  20037
                                     202-828-4879

                                     Christopher Weld, Jr. (BBO#522230)
                                     Raymond P. Ausrotas (BBO#640315)
                                     TODD & WELD LLP
                                     28 State Street, 31st Floor
                                     Boston, MA.  02109
                                     617-720-2626

                                     Attorneys for Arthrex, Inc.


SO ORDERED this  16  day of ___March___, _____

                              /s/ Patti B. Saris
                              United States District Judge

DSMDB1830340
DSMDB1830340

## APPENDIX A

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| DePuy Mitek, Inc. | ) | CIVIL ACTION NO. 04-12457 PBS |
|    a Massachusetts Corporation | ) | |
| | ) | |
|    Plaintiff. | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Arthrex Inc., | ) | |
|    a Delaware Corporation | ) | |
| | ) | |
|    Defendant. | ) | |

### DECLARATION TO PROTECTIVE ORDER

DECLARATION OF _____

I, _____, represent that I have been provided and have read the Protective Order entered in the above-captioned litigation, and that I will abide by its terms and conditions in handling designated Confidential Material, and will not disclose, except in accordance with terms of the Order, any information, materials or knowledge received in the course of my work in this matter which is subject to the terms of the Order.

I declare under penalty of perjury that the foregoing is true and correct.

_____          _____
**Date**                                                                **Signature**

                                                                                _____
                                                                                **Name**

                                                                                _____
                                                                                **Address**