IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| DePuy Mitek, Inc._____ )<br>)<br>)<br>)<br>         Plaintiff,             )<br>)<br>vs.                                  )<br>)<br>Arthrex, Inc.,                       )<br>)<br>         Defendant.           )<br>_____) | Case No. 04-12457 PBS |

**ARTHREX, INC.'S ANSWER AND COUNTERCLAIM IN RESPONSE**
**TO DEPUY MITEK, INC.'S AMENDED COMPLAINT**

Defendant Arthrex, Inc. ("Arthrex") responds to the Amended Complaint filed by Plaintiff DePuy Mitek, Inc. ("DePuy Mitek") as follows:

**Parties, Jurisdiction and Venue**

1. The Complaint purports to bring an action for patent infringement. The remaining allegations of paragraph 1 assert legal conclusions that do not require a response.

2. Admitted.

3. Admitted.

4. Arthrex has insufficient information to admit or deny the allegations of paragraph 4 and therefore denies those allegations.

**Answer to Depuy Mitek's Claim for Relief**

5. Arthrex admits that U.S. Patent No. 5,314,446 ("the '446 patent") entitled "Sterilized Heterogeneous Braids" is attached as Exhibit A to the Complaint,

DSMDB.1984242.1

and that it issued on May 24, 1994 listing Ethicon as the assignee on the cover page. Arthrex has no knowledge or information sufficient to confirm whether Ethicon, Inc. assigned the '446 patent to DePuy Mitek and therefore denies the same. Arthrex denies that the patent was duly and legally issued by the U.S. Patent and Trademark Office.

6. Arthrex admits that it sells sutures under the trade name FiberWire™ in the United States, including within this judicial district, but denies each and every other allegation contained in paragraph 6 of the Amended Complaint.

7. Arthrex denies each and every allegation contained in paragraph 7 of the Amended Complaint.

8. Arthrex admits that it was involved in the design, development and commercialization of FiberWire™ and TigerWire® sutures and that at least some of those products would be sold in the United States. Arthrex denies the remaining allegations of paragraph 8 of the Amended Complaint.

9. Arthrex denies each and every allegation contained in paragraph 9 of the Amended Complaint.

10. Arthrex has insufficient information to admit or deny the allegations of paragraph 10 and therefore denies those allegations.

11. Arthrex denies each and every allegation contained in paragraph 11 of the Amended Complaint.

FURTHER ANSWERING, Arthrex presents the following affirmative defenses:

## AFFIRMATIVE DEFENSES

12. The '446 patent is invalid under 35 U.S.C. § 102.

13. The '446 patent is invalid under 35 U.S.C. § 103.

14. The '446 patent is invalid under 35 U.S.C. § 112.

15. Arthrex does not now infringe and has not infringed the '446 patent either literally or under the doctrine of equivalents.

16. Arthrex does not now induce and has not induced others to infringe the '446 patent either literally or under the doctrine of equivalents.

17. By virtue of DePuy Mitek's unreasonable and unjustified delay in bringing the present lawsuit to the prejudice of Arthrex, recovery is barred under the doctrine of laches.

18. Upon information and belief, the '446 patent is unenforceable due to inequitable conduct committed before the U.S. Patent and Trademark Office ("the Patent Office") during prosecution of the application which eventually issued as the '446 patent for the following reasons, among others.

19. During prosecution of U.S. Application No. 838,511 ("the '511 application"), which eventually issued as the '446 patent, the applicants and their attorneys mischaracterized and misrepresented the disclosure of U.S. Patent No. 5,147,400 to Kaplan et al. ("Kaplan") in distinguishing Kaplan from the claims of the '511 application. For example, in response to rejections on anticipation and obviousness grounds under 35 U.S.C. §§ 102, 103, on August 4, 1993, the applicants and their attorneys falsely represented that the sheath yarn component of Kaplan always contains at least in part, a bio-absorbable portion and that Kaplan teaches away from a combination of non-bio-absorbable yarns. Kaplan, however, does not always contain a bio-absorbable portion and discloses a combination of non-bio-absorbable yarns.

20. During the prosecution of the '511 application, applicants and their attorneys responded to a rejection based on U.K. Patent Application No. 2,218,312A to Burgess ("Burgess") by stating in a response, filed on August 6, 1992, that the use of a high tensile polythene thread in a braided construction would have poor qualities for a

suture and that a designer using such materials for a suture would inevitably design an unacceptable suture. If applicants and their attorneys believed that high tensile polythene was included within their claimed invention, then they could not have truthfully made these statements and representations to the examiner.

21. The applicants and their attorneys acted with intent to deceive the Patent Office since they knew or should have known that their statements were false and misleading and that the Patent Office would rely on such statements in reconsidering the rejections in light of Kaplan and Burgess. In fact, following the applicants' and their attorneys' misrepresentations and mischaracterizations of Kaplan and Burgess, the '511 application was allowed and eventually issued as the '446 patent.

22. DePuy Mitek, by virtue of its efforts to obtain, enforce and use the '446 patent, knowing said patent to be invalid, uninfringed, and unenforceable, have misused said patent, whereby DePuy Mitek is precluded from enforcing the same against Arthrex.

## COUNTERCLAIM

1. Arthrex, is a corporation organized under the laws of the State of Delaware, with its corporate headquarters and principal place of business at 1370 Creekside Boulevard, Naples, Florida 34108.

2. DePuy Mitek is a corporation organized under the laws of the State of Massachusetts, with its corporate headquarters and principal place of business at 249 Vanderbilt Avenue, Norwood, Massachusetts 02062.

3. Arthex repeats and realleges and incorporates herein by reference, paragraphs 12-22 of its Affirmative Defenses.

4. This is a claim arising under the Patent Laws of the United States, Title 35, United States Code, for a declaratory judgment under 28 U.S.C. §§ 2201 and 2202. The jurisdiction of this Court is founded upon 28 U.S.C. §§ 1338(a), 2201 and 2202.

5. DePuy Mitek alleges that it is the owner of the '446 patent. There exists an actual controversy between Arthrex and DePuy Mitek with respect to the validity, enforceability, scope and infringement of the '446 patent.

6. The '446 patent is not infringed, and further is invalid and unenforceable at least for the reasons set forth in paragraphs 12-22 of Arthrex's Affirmative Defenses.

7. Arthrex seeks a declaration by the Court that the '446 patent is not infringed, either directly or by inducement, by Arthrex, that the '446 patent is invalid and unenforceable, and that DePuy Mitek, knowing that the '446 patent is invalid, not infringed by Arthrex and unenforceable, while asserting the patent against Arthrex, has committed patent misuse.

8. DePuy Mitek's conduct renders this an exceptional case within the provisions of 35 U.S.C. § 285, and Arthrex is accordingly entitled to an award of attorneys' fees.

WHEREFORE, Arthrex prays for judgment against DePuy Mitek as follows:

A. That the Court deny all relief to DePuy Mitek, and that the Amended Complaint be dismissed with prejudice;

B. That the Court decree, adjudge and declare that the '446 patent is invalid, not infringed by Arthrex, directly or through inducement, and unenforceable and that DePuy Mitek has committed patent misuse by knowingly asserting an invalid

and unenforceable patent against Arthrex, with knowledge that Arthrex does not infringe said patent;

      C.    That the Court find this an exceptional case and award reasonable attorney fees to Arthrex under 35 U.S.C. § 285;

      D.    That the Court award Arthrex its costs, and expenses; and

      E.    That the Court grant such further relief as it deems just and proper.

## **JURY DEMAND**

Arthrex demands a trial by jury on all issues triable to a jury with respect to its counterclaim.

Dated: September 26, 2005            Respectfully submitted,

By:   **s/Charles W. Saber**
Charles W. Saber
Stephen A. Soffen
Salvatore P. Tamburo
DICKSTEIN SHAPIRO MORIN
& OSHINSKY  LLP
2101 L Street NW
Washington, D.C.  20037-1526
Telephone: (202) 785-9700
Facsimile: (202) 887-0689

Christopher Weld, Jr. (BBO # 522230)
Raymond P. Ausrotas (BBO # 640315)
TODD & WELD LLP
28 State Street, 31st Floor
Boston, MA 02109
Telephone: (617) 720-2626
Facsimile: (617) 227-5777

Counsel for Defendant
Arthrex, Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Arthrex, Inc.'s Answer and Counterclaim in Response to DePuy Mitek, Inc.'s Amended Complaint was served via overnight courier on September 26, 2005, upon the following counsel for DePuy Mitek, Inc.:

Dianne B. Elderkin, Esq.
Lynn A. Malinoski, Esq.
Michael J. Bonella, Esq.
Woodcock Washburn, LLP
One Liberty Place, 46th Floor
Philadelphia, PA. 19103


Daniel J. Gleason, Esq.
Michelle Chassereau Jackson, Esq.
Nutter McClennen & Fish LLP
World Trade Center West
155 Seaport Boulevard
Boston, MA 02210-2604


　　　　　　　　　　　　　　　　　_____s/Salvatore P. Tamburo_____

DSMDB.1984242.1