IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **DePuy Mitek, Inc.**<br>    a Massachusetts Corporation<br><br>    **Plaintiff,**<br><br>    v.<br><br>**Arthrex, Inc.**<br>    a Delaware Corporation and<br><br>**Pearsalls Ltd.**<br>    a Private Limited Company<br>    of the United Kingdom<br><br>    **Defendants.** | )<br>)<br>)<br>)<br>)<br>)<br>) Civil No. 04-12457 PBS<br>)<br>)<br>)<br>)<br>)<br>) |

**DePuy Mitek's Reply to Arthrex's Amended Counterclaim**

Plaintiff DePuy Mitek, Inc. ("DePuy Mitek") replies to Defendant, Arthrex, Inc.'s ("Arthrex") amended counterclaim as follows:

1. Admitted.

2. Admitted.

3. DePuy Mitek responds to ¶¶12-22 of Arthrex's Affirmative Defenses which Arthrex incorporated into ¶3 of its counterclaim as follows:

   12. Denied.

   13. Denied.

   14. Denied.

   15. Denied.

   16. Denied.

   17. Denied.

   18. Denied.

1

19.     DePuy Mitek admits that U.S. Application No. 838,511 ("511 application") issued as U.S. Patent No. 5,314,446 patent ("446 patent"). DePuy Mitek denies that applicants and their attorneys mischaracterized and misrepresented the disclosure of U.S. Patent No. 5,147,400 to Kaplan et al. ("Kaplan") in distinguishing Kaplan from the claims of the 511 application. DePuy Mitek admits that during the prosecution of the 511 application there was a rejection of claims under 35 U.S.C. §§ 102, 103 and that a response was submitted to overcome that rejection. DePuy Mitek denies that applicants and their attorneys falsely represented that the sheath yarn component of Kaplan always contains at least in part, a bio-absorbable portion and that Kaplan teaches away from a combination of non-bio-absorbable yarns. The last sentence of ¶19 is vague and ambiguous because it does not specify what part of any yarn disclosed by Kaplan "does not always contain a bio-absorbable portion" and is a "combination of non-bio-absorbable yarns." Since it is vague and ambiguous, DePuy Mitek denies the averments of the last sentence of ¶19 and except as expressly admitted denies the remaining averments of ¶19.

20.     DePuy Mitek admits that during the prosecution of the '511 application, on August 6, 1992, applicants and their attorneys filed a response to a rejection based on U.K. Patent Application No. 2,218,312A to Burgess ("Burgess"). DePuy Mitek admits that in this response, applicants and their attorneys argued that Burgess was nonanalogous art stating that "[i]n view of the dissimilarities in property requirements between sutures and fishing line, there would simply be no incentive for a medical designer who wishes to improve the properties of braided sutures to study the art related to braided fishing lines. Even if he did use the teachings of the fishing line art to modify a suture, then he would inevitably design an unacceptable suture." DePuy Mitek further admits that in the response, applicants and their attorneys stated that "[s]ome of the braid filaments of the Burgess fishing line are composed of a high tensile polyethylene thread. This thread gives the line <u>minimal</u> stretchability. . . . Although this thread has great strength properties, it suffers from low elongation and, in turn, <u>poor</u> knot strength properties. This is a good idea for a fishing line because high strength and low elongation, or low stretchability, are important criteria. Low elongation is an important requirement for a fishing line because it makes it possible for the fisherman to apply force on the hook when, for example, the fish is caught. If the line were stretchable, then the force exerted by the fisherman would be taken up by the stretching action of the line. This would clearly be an undesirable property for a fishing line to exhibit. Therefore, the property requirements for fishing line yield a braid with poor knot strength and security, and the requirements for sutures yield a braid which has by necessity <u>excellent</u> knot strength and security." DePuy Mitek further admits that in the response, applicants and their attorneys stated that "[i]n addition to the contrasting requirements for braided sutures and fishing lines resulting from the critical need to tie strong and secure knots on braided sutures, other requirements concerning the knot make the braid for a fishing line unsuitable for use as sutures." To the extent not specifically admitted, DePuy Mitek denies the remaining averments of ¶20.

21. DePuy Mitek admits that the 511 application was allowed and issued as the 446 patent. To the extent not specifically admitted, DePuy Mitek denies the remaining averments of ¶21.

22. Denied.

4. DePuy Mitek admits that Arthrex's declaratory judgment counterclaim arises under the Patent Laws of the United States, Title 35, United States Code, and the declaratory judgment statute, 28 U.S.C. §2201 & 2202. DePuy Mitek also admits that jurisdiction of this Court is founded upon 28 U.S.C. §1338(a), 2201 & 2202.

5. DePuy Mitek admits that it is the owner of the 446 Patent. DePuy Mitek admits the remaining allegations of this paragraph.

6. DePuy Mitek denies the averments of ¶6 of Arthrex's counterclaim and responds to its incorporation of ¶¶12-22 of its affirmative defenses by incorporating its response to those paragraphs as set forth above.

7. DePuy Mitek admits only that Arthrex seeks a declaration of the type specified in ¶7 of its counterclaim. DePuy Mitek denies that Arthrex is entitled to any such declaration.

8. Denied.

**DePuy Mitek's Affirmative Defenses To Arthrex's Counterclaim**

9. Arthrex 's Amended Answer and Counterclaim should be stricken because Arthrex's amended pleading has been filed in violation of Rules 13 and 15 of the Federal Rules of Civil Procedure because Arthrex has not sought leave of court to amend its Answer and Counterclaim.

10. Arthrex has failed to state a claim upon which relief can be granted.

**JURY DEMAND**

DePuy Mitek demands a jury trial on all issues to which there is a right to a jury trial.

        DEPUY MITEK, INC.,

        By its attorneys,

        /s/ Michelle Chassereau Jackson
        Daniel J. Gleason (BBO #194900)
        Michelle Chassereau Jackson (BBO #654825)
        Nutter McClennen & Fish LLP
        World Trade Center West
        155 Seaport Boulevard
        Boston, MA. 02210-2604
        617-439-2000

        Dianne B. Elderkin
        Lynn A. Malinoski
        Michael J. Bonella
        Erich M. Falke
        WOODCOCK WASHBURN LLP
        One Liberty Place - 46th Floor
        17th and Market Streets
        Philadelphia, PA 19103
        (215) 568-3100

Dated:  October 14, 2005

1471050.1