IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **DePuy Mitek, Inc.**<br>    a Massachusetts Corporation<br><br>        **Plaintiff,**<br><br>        v.<br><br>**Arthrex, Inc.**<br>    a Delaware Corporation and<br><br>**Pearsalls Ltd.**<br>    a Private Limited Company<br>    of the United Kingdom<br><br>        **Defendants.** | Civil No. 04-12457 PBS |

### DePuy Mitek's Reply to Pearsalls' Counterclaim

Plaintiff DePuy Mitek, Inc. ("DePuy Mitek") replies to Defendant, Pearsalls Limited's ("Pearsalls") counterclaim as follows:

1.  Admitted.

2.  Admitted.

3.  DePuy Mitek responds to ¶¶12-23 of Pearsalls' Affirmative Defenses which Pearsalls incorporated into ¶3 of its counterclaim as follows:

    12. Denied.

    13. Denied.

    14. Denied.

    15. Denied.

    16. Denied.

    17. Denied.

    18. Denied.

19. Denied.

20. DePuy Mitek admits that U.S. Application No. 838,511 ("511 application") issued as U.S. Patent No. 5,314,446 patent ("446 patent"). DePuy Mitek denies that applicants and their attorneys mischaracterized and misrepresented the disclosure of U.S. Patent No. 5,147,400 to Kaplan et al. ("Kaplan") in distinguishing Kaplan from the claims of the 511 application. DePuy Mitek admits that during the prosecution of the 511 application there was a rejection of claims under 35 U.S.C. §§ 102, 103 and that a response was submitted to overcome that rejection. DePuy Mitek denies that applicants and their attorneys falsely represented that the sheath yarn component of Kaplan always contains at least in part, a bio-absorbable portion and that Kaplan teaches away from a combination of non-bio-absorbable yarns. The last sentence of ¶20 is vague and ambiguous because it does not specify what part of any yarn disclosed by Kaplan "does not always contain a bio-absorbable portion" and is a "combination of non-bio-absorbable yarns." Since it is vague and ambiguous, DePuy Mitek denies the averments of the last sentence of ¶20 and except as expressly admitted denies the remaining averments of ¶20.

21. DePuy Mitek admits that during the prosecution of the '511 application, on August 6, 1992, applicants and their attorneys filed a response to a rejection based on U.K. Patent Application No. 2,218,312A to Burgess ("Burgess"). DePuy Mitek admits that in this response, applicants and their attorneys argued that Burgess was nonanalogous art stating that "[i]n view of the dissimilarities in property requirements between sutures and fishing line, there would simply be no incentive for a medical designer who wishes to improve the properties of braided sutures to study the art related to braided fishing lines. Even if he did use the teachings of the fishing line art to modify a suture, then he would inevitably design an unacceptable suture." DePuy Mitek further admits that in the response, applicants and their attorneys stated that "[s]ome of the braid filaments of the Burgess fishing line are composed of a high tensile polyethylene thread. This thread gives the line <u>minimal</u> stretchability. . . . Although this thread has great strength properties, it suffers from low elongation and, in turn, <u>poor</u> knot strength properties. This is a good idea for a fishing line because high strength and low elongation, or low stretchability, are important criteria. Low elongation is an important requirement for a fishing line because it makes it possible for the fisherman to apply force on the hook when, for example, the fish is caught. If the line were stretchable, then the force exerted by the fisherman would be taken up by the stretching action of the line. This would clearly be an undesirable property for a fishing line to exhibit. Therefore, the property requirements for fishing line yield a braid with poor knot strength and security, and the requirements for sutures yield a braid which has by necessity <u>excellent</u> knot strength and security." DePuy Mitek further admits that in the response, applicants and their attorneys stated that "[i]n addition to the contrasting requirements for braided sutures and fishing lines resulting from the critical need to tie strong and secure knots on braided sutures, other requirements concerning the knot make the braid for a

fishing line unsuitable for use as sutures." To the extent not specifically admitted, DePuy Mitek denies the remaining averments of ¶21.

22.     DePuy Mitek admits that the 511 application was allowed and issued as the 446 patent. To the extent not specifically admitted, DePuy Mitek denies the remaining averments of ¶22.

23.     Denied.

4.      DePuy Mitek admits that a proper declaratory judgment counterclaim of the kind alleged by Pearsalls would arise under the Patent Laws of the United States, Title 35, United States Code, and the declaratory judgment statute, 28 U.S.C. §2201 & 2202. DePuy Mitek also admits that jurisdiction over a proper declaratory judgment counterclaim of the kind alleged by Pearsalls would be founded upon 28 U.S.C. §1338(a), 2201 & 2202. To the extent not specifically admitted, the remaining averments of this paragraph are denied.

5.      DePuy Mitek admits that it is the owner of the 446 Patent. DePuy Mitek admits that there is an actual controversy between Pearsalls and DePuy Mitek. To the extent not specifically admitted, the remaining averments of this paragraph are denied.

6.      DePuy Mitek denies the averments of ¶6 of Pearsalls' counterclaim and responds to its incorporation of ¶¶14-23 of its affirmative defenses by incorporating its response to those paragraphs as set forth above.

7.      DePuy Mitek admits only that Pearsalls seeks a declaration of the type specified in ¶7 of its counterclaim. DePuy Mitek denies that Pearsalls is entitled to any such declaration. To the extent not specifically admitted, the remaining averments of this paragraph are denied.

8.      Denied.

3

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff DePuy Mitek respectfully demands judgment for it and against Defendants Arthrex and Pearsalls as follows:

(a) That this Court adjudge that DePuy Mitek owns the 446 Patent and that DePuy Mitek has all rights of recovery under the 446 patent;

(b) That this Court adjudge that Arthrex and Pearsalls have been infringing the 446 patent;

(c) That this Court issue an injunction enjoining Arthrex and Pearsalls and their officers, agents, servants and employees, privies, distributors and all persons in active concert or participation with them from further infringement of the 446 patent;

(d) That this Court ascertain and award DePuy Mitek damages sufficient to compensate it for Arthrex's and Pearsalls' infringement and that the damages so ascertained be trebled and awarded to DePuy Mitek with interest;

(e) That this Court find this case to be exceptional and award DePuy Mitek its attorneys fees, costs and expenses in this action; and

(f) That this Court award DePuy Mitek such other relief as the Court may deem just and proper.

## JURY DEMAND

DePuy Mitek demands a jury trial on all issues to which there is a right to a jury trial.

DEPUY MITEK, INC.,

By its attorneys,

 /s/ Michelle Chassereau Jackson
Daniel J. Gleason (BBO #194900)
Michelle Chassereau Jackson (BBO #654825)
Nutter McClennen & Fish LLP
World Trade Center West
155 Seaport Boulevard
Boston, MA. 02210-2604
617-439-2000

Dianne B. Elderkin
Lynn A. Malinoski
Michael J. Bonella
Erich M. Falke
WOODCOCK WASHBURN LLP
One Liberty Place - 46th Floor
17th and Market Streets
Philadelphia, PA 19103
(215) 568-3100

Dated:  November 7, 2005

1477977.1