**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **DePuy Mitek, Inc.** )<br>    **a Massachusetts Corporation** )<br> )<br>      **Plaintiff,** )<br> )<br>      **v.** )<br> )<br>**Arthrex, Inc.** )<br>    **a Delaware Corporation and** )<br> )<br>**Pearsalls Ltd.** )<br>    **a Private Limited Company**<br>    **of the United Kingdom**<br><br>      **Defendants.** | **Civil No. 04-12457 PBS** |

**DePuy Mitek's Reply to Defendants' Responses to DePuy Mitek's Statement of Undisputed**
**Material Facts in Support of Its Motion for Summary Judgment**
**of Infringement and No Inequitable Conduct**

**I.     Introduction**

Mitek requests that the Court order that certain of Mitek's facts put forth in support of its summary judgment motion be deemed undisputed because Arthrex has not come forward with any evidence that creates a factual dispute.  Rather than citing conflicting evidence, Arthrex jumps to a legal conclusion from Mitek's facts and then "disputes" the fact because Arthrex disagrees with the legal conclusion.  But this is not a valid basis for disputing a fact.  Arthrex should have come forward with evidence demonstrating that there is a dispute of fact.  Arthrex has not done so.

Because Arthrex has not met its burden of showing that the facts Mitek put forth are disputed, Mitek requests that the Court find the following facts to be undisputed and admitted: Mitek Fact #'s 6, 7, 16, 18, 22, 28, 32, 33, 40, 41, 45, 65, 66, 68-70, 73, 74, 76-82, 88, 95-97, 101-103, 108, 111-113, 115, 118, 120, and 121-123.

## II.    Argument

Arthrex "disputes" many of Mitek's facts because it disagrees with Mitek's reason for relying on the facts.  This is not sufficient to dispute the fact or defeat summary judgment.  Because of the numerous facts Arthrex "disputes," Mitek provides the Court with a sampling of Arthrex's improper attempt to create a factual dispute.  For example,

Mitek Fact #6 states:

> The 446 patent states that "it is possible to tailor the physical and biological properties of the braid by varying the type and proportion of each of the dissimilar fiber forming materials used, as well as adjusting the specific configuration of the braid" (*id*. at 2:58-62).

This is a direct quote from the 446 patent.  Arthrex disputes that the 446 patent contains that sentence because, per Arthrex, it is "taken of context and designed to mislead the Court into believing there is support for DePuy Mitek's proposed construction of the 'basic and novel characteristics of the claimed invention" (Arthrex's Response to Mitek Fact 6).  But Arthrex cannot and does not dispute that the language appears in the patent.  Instead, Arthrex argues with Mitek's reason for relying on that portion of the patent.  At bottom, Arthrex's dispute is not with the fact, but how the fact is being used.  That is legal argument and not evidence that can create a dispute of fact.  Because Arthrex failed to provide evidence to create a genuine dispute of this fact, the Court should order this fact undisputed.

By way of another example, Mitek's Fact #41 states:

> Nylon makes up only about 3.4% of the TigerWire suture (Ex. 3).

This fact is taken straight from an Arthrex document.  But Arthrex disputes this fact because, per Arthrex, it is "taken out of context and designed to mislead the Court into believing that nylon does not affect the basic and novel aspects of the invention" (Arthrex Responsive to Mitek Fact 41).  Again, this is improper. Arthrex is not disputing the fact, it is disputing the

reason why Mitek is relying on the fact.  In other words, Arthrex disputes the legal conclusion

Mitek draws from the fact, and not the fact itself.  Because Arthrex failed to provide evidence to

dispute this fact, the Court should order this fact to be undisputed.

Arthrex used this same tactic with the above mentioned Mitek facts.  Therefore, the Court

should order these facts also undisputed and admitted.

## III.     Conclusion

Because Arthrex has failed to come forward with evidence that can create a dispute as to

Mitek Fact #'s 6, 7, 16, 18, 22, 28, 32, 33, 40, 41, 45, 65, 66, 68-70, 73, 74, 76-82, 88, 95-97,

101-103, 108, 111-113, 115, 118, 120, and 121-123.  Mitek requests that the Court order these

facts undisputed.


Respectfully submitted,

Dated: September 15, 2006                    DEPUY MITEK, INC.,
                                             By its attorneys,
                                              _/s/ Erich M. Falke_____
                                             Dianne B. Elderkin
                                             Lynn A. Malinoski
                                             Michael J. Bonella
                                             Erich M. Falke
                                             WOODCOCK WASHBURN LLP
                                             One Liberty Place - 46th Floor
                                             Philadelphia, PA 19103
                                             (215) 568-3100

                                             Daniel J. Gleason (BBO #194900)
                                             Michelle Chassereau Jackson (BBO
                                             #654825)
                                             Nutter McClennen & Fish LLP
                                             World Trade Center West
                                             155 Seaport Boulevard
                                             Boston, MA. 02210-2604

## CERTIFICATE OF SERVICE

I certify that I am counsel for DePuy Mitek, Inc. and that a true and correct copy of:

**DePuy Mitek's Reply to Defendants' Responses to DePuy Mitek's Statement of Undisputed Material Facts in Support of Its Motion for Summary Judgment of Infringement and No Inequitable Conduct**

was served on counsel for Defendants Arthrex, Inc. and Pearsalls Ltd. on this date via the Court's e-mail notification with the following recipients being listed as filing users for Defendants:

> Charles W. Saber
> Dickstein Shapiro
> 1825 Eye Street, NW
> Washington, DC 2006
> saberc@dicksteinshapiro.com


> Raymond P. Ausrotas
> Todd & Weld LLP
> 28 State Street, 31st Floor
> Boston, MA 02109
> rausrotas@toddweld.com


Dated: September 15, 2006                    _/s/ Erich M. Falke_____
                                             Erich M. Falke