IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DePuy Mitek, Inc.<br>  a Massachusetts Corporation<br><br>         Plaintiff,<br><br>         v.<br><br>Arthrex, Inc.<br>  a Delaware Corporation, *et al.*<br><br>         Defendants. | Civil Action No. 04-12457 PBS |

**DEFENDANTS' OPPOSITION TO DEPUY MITEK'S MOTION FOR LEAVE TO REPLY TO ARTHREX'S OPPOSITION TO PLAINTIFF DEPUY MITEK'S MOTION TO STRIKE HEARSAY EXHIBIT AND ALL CITATION AND COMMENTARY THERETO**

Dated: October 3, 2006

Charles W. Saber
Stephen A. Soffen
Salvatore P. Tamburo
DICKSTEIN SHAPIRO LLP
1825 Eye Street, N.W.
Washington, D.C. 20006-5403
Telephone: (202) 420-3116
Facsimile: (202) 420-2201

Christopher Weld, Jr. (BBO # 522230)
Raymond P. Ausrotas (BBO # 640315)
TODD & WELD LLP
28 State Street, 31st Floor
Boston, MA 02109
Telephone: (617) 720-2626
Facsimile: (617) 227-5777

Counsel for Defendants
Arthrex, Inc. and Pearsalls Ltd.

Defendants Arthrex, Inc. ("Arthrex") and Pearsalls, Ltd. ("Pearsalls") (together, "defendants") submit this Opposition to Plaintiff DePuy Mitek Inc.'s ("DePuy Mitek") Motion for Leave to Reply to Arthrex's Opposition to Plaintiff DePuy Mitek's Motion to Strike Hearsay Exhibit and All Citation and Commentary Thereto ("Mitek Reply Br."). Replies are not routinely granted in this Court, and DePuy Mitek articulates no reason why leave to reply should be granted in this instance. DePuy Mitek is apparently not satisfied with the job it did with its original motion, as it neglected to mention two other possible exceptions to the hearsay rule under which the Spectra brochure is admissible. This is simply not a good enough reason for the Court to grant its motion for leave to file a reply -- especially where, as explained below, DePuy Mitek's "Reply" is filled with misinformation and inapposite case law.

DePuy Mitek tries to create the impression that it contacted defendants to discuss the substance of its motion during a telephone call on September 21, 2006 -- long after the filing of its original motion and defendants' response -- by referring to the call as a "meet and confer" and stating that "the parties were not able to resolve the issue." Mitek Reply Br. at 1. The fact is that DePuy Mitek's September 21 call had *nothing* to do with the substance of its motion (*i.e.,* the admissibility of the Spectra brochure). Rather, DePuy Mitek merely wanted to know whether defendants would consent to its filing a reply to defendants opposition to DePuy Mitek's Motion to Strike Hearsay Exhibit and All Citation and Commentary Thereto. The substance of DePuy Mitek's motion was never discussed.

Fundamentally, DePuy Mitek's attempted "Reply" is nothing more than a transparent attempt to fix its insufficient motion. The simple fact is that DePuy Mitek's motion did not consider one of the most obvious hearsay exceptions -- the commercial publication exception -- as well as the residual hearsay exception and the fact that, in part, the Spectra brochure in not offered for the truth of the matter asserted.

DePuy Mitek's "Reply" on these new points is hardly an answer to defendants' arguments. On the commercial publication exception (FED. R. EVID. 803(17)), DePuy Mitek makes no attempt to distinguish the First and Fourth Circuit cases cited by defendants in which

1

manufacturers catalogs -- just as the Spectra brochure -- were deemed to be admissible as commercial publications, nor does it deny that the Spectra brochure bears a 1988 copyright date.

With respect to the residual hearsay exception (FED. R. EVID. 807), DePuy Mitek does not dispute four out of the five prongs for admissibility of the Spectra brochure under Rule 807. The only prong disputed by DePuy Mitek is the requirement that the objecting party have adequate notice. This, however, cannot be an issue because DePuy Mitek has known of the Spectra brochure at least since it produced the document from its files on September 21, 2005, and DePuy Mitek witnesses were asked about the Spectra brochure as early as November 2005 – a full year before the then-scheduled trial date.[1]

DePuy Mitek is disingenuous in its "Reply" to the two points it did raise in its original motion. Turning to the business record exception (FED. R. EVID. 803(6)), DePuy Mitek does not deny the fact that it produced the Spectra brochure out of its own files in response to defendants' document request. Nor does it deny that *John Paul Mitchell* supports defendants' position that a third-party document produced by the party *objecting* to its admissibility is admissible under FED. R. EVID. 803(6). Instead, DePuy Mitek cites *Air Land Forwarders, Inc. v. United States*, 172 F.3d 1338, 1343 (Fed. Cir. 1999), a case where the third-party document was produced by the party that was the *proponent* of admissibility – the exact opposite position as here. *John Paul Mitchell,* not *Air Land Forwarders,* arises in the situation present here and is the controlling authority.

Moreover, DePuy Mitek now cites to FED. R. EVID. 902(11) – *a self authentication rule* – and tries to mislead the Court into thinking that this rule is somehow relevant to the hearsay exception inquiry. To make matters worse, DePuy Mitek does not even bother to attempt to distinguish the legion of cases establishing that DePuy Mitek's production of the Spectra brochure serves to automatically authenticate it. *See* Def's Opp. at n.2.

---

[1] As for the non-hearsay use of the document, DePuy Mitek does not dispute that defendants are, in part, offering the document for reasons other than the truth of the matter asserted and thus, even if the document were considered hearsay, the result would be to admit the document with a cautionary instruction.

Finally, DePuy Mitek does not dispute Dr. Mukherjee's showing that the Spectra brochure is the type of material that experts like him rely upon – the predicate for admitting the statements under the learned treatise exception (FED. R. EVID. 803(18).  Rather, DePuy Mitek asserts, without any support, that Dr. Mukherjee should have included such statements in his expert opinions.  Mitek Reply Br. at 6-7.  This is putting the cart before the horse.  How could defendants, or Dr. Mukherjee, anticipate that DePuy Mitek would challenge the admissibility of one of its own documents?  It was only in response to DePuy Mitek's motion to strike that defendants' response, and Dr. Mukherjee's statement, became necessary.  Incredibly, DePuy Mitek actually seeks to prevent defendants from responding to its motion.  That is grossly unfair and inappropriate.

For all the foregoing reasons, DePuy Mitek's motion for leave to file a Reply should be denied.

Dated: October 3, 2006

Respectfully submitted,

By: _____/s/Charles W. Saber_____
Charles W. Saber
Stephen A. Soffen
Salvatore P. Tamburo
DICKSTEIN SHAPIRO LLP
1825 Eye Street, N.W.
Washington, D.C.  20006-5403
Telephone:  (202) 420-3116
Facsimile:  (202) 420-2201

Christopher Weld, Jr. (BBO # 522230)
Raymond P. Ausrotas (BBO # 640315)
TODD & WELD LLP
28 State Street, 31st Floor
Boston, MA 02109
Telephone:  (617) 720-2626
Facsimile:  (617) 227-5777

Counsel for Defendants
Arthrex, Inc. and Pearsalls Ltd.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing DEFENDANTS' OPPOSITION TO DEPUY MITEK'S MOTION FOR LEAVE TO REPLY TO ARTHREX'S OPPOSITION TO PLAINTIFF DEPUY MITEK'S MOTION TO STRIKE HEARSAY EXHIBIT AND ALL CITATION AND COMMENTARY THERETO was served, via the Court's email notification system on the following counsel for Plaintiff on the 3rd day of October 2006:


Lynn A. Malinoski
Woodcock Washburn, LLP
One Liberty Place, 46th Floor
Philadelphia, PA. 19103
Telephone:  (215) 568-3100
Facsimile:  (215) 568-3439

Daniel J. Gleason
Nutter McClennan & Fish LLP
World Trade Center West
155 Seaport Boulevard
Boston, MA 02210-2604
Telephone:  (617) 439-2000
Facsimile:  (617) 310-9000


               /s/Charles W. Saber