```
              UNITED STATES DISTRICT COURT
                DISTRICT OF MASSACHUSETTS


                                      )
DePUY MITEK, INC.,                    )
        Plaintiff,                    )
                                      )
     v.                               )   CIVIL ACTION NO. 04-12457-PBS
                                      )
ARTHREX, INC. and                     )
PEARSALLS LTD.                        )
        Defendants.                   )
                                      )
                                      )
```

**DRAFT PRELIMINARY JURY INSTRUCTIONS**

August 1, 2007

Saris, U.S.D.J.

This is a patent case. The patent involved in this case relates to sutures used in surgical procedures.

The specific patent asserted in this action is United States Patent No. 5,314,446. Sometimes it may be called the '446 patent or the Hunter patent, named after one of the inventors. The United States Patent and Trademark Office, sometimes called the PTO, granted this patent on May 24, 1994.

A patent includes two basic parts: the specification and the patent claims. You have been provided with a copy of the Hunter 446 Patent. Please refer to the patent which is divided into columns and lines. The lines on each page are numbered. The written description of the Hunter 446 Patent begins at column 1, line 1, and continues to column 8, line 61. It includes a

1

background section, a summary of the invention, a brief description of the drawings, and a detailed description of the invention.

The specification ends with numbered paragraphs.  These are called the claims.  The claims are divided into a number of parts, referred to as "claim limitations."  In the Hunter 446 Patent, the claims begin at column 8, line 63 and continue to the end of the patent, at column 10, line 19.

A valid United States patent gives its owner the right to exclude others from practicing the patented invention.

The claims of a patent serve two purposes.  First, they set out the boundaries of the invention covered by the patent.  Second, they provide notice to the public of those boundaries.  Thus, when a product is accused of infringing a patent, it is the patent claims that must be compared to the accused product to determine whether or not there is infringement.

A company is said to infringe a patent claim when it, without permission from the patent owner, makes, uses, imports, sells, or offers to sell the patented invention within the United States.  A patent owner who believes that someone is infringing on its exclusive patent rights may bring a lawsuit like this to stop any infringing acts.  The patent owner has the burden to prove infringement of a patent claim by a preponderance of the evidence.

To prove infringement, the plaintiff, DePuy Mitek, must

prove that it is more probable than not that the surgical products sold by the defendants literally contain each and every limitation of Claim 1.  Please read it.

The Hunter 446 Patent claims use a phrase, "consisting essentially of," that has special legal meaning.

I have defined what the "basic and novel properties" of the invention described in the Hunter 446 Patent are.  They are: (1) a surgical suture, (2) composed of two dissimilar yarns from the lists in Claim One, (3) where at least one yarn from the first set is in direct intertwining contact with the yarn from the second set, (4) so as to improve pliability and handleability without significantly sacrificing the physical properties of the constituent elements of the suture.  This probably sounds like Greek to you now, but you will hear lots of testimony explaining the dispute.

I want to highlight one of the main disputes in this trial so you will keep your eye on the ball.  The defendants' suture contains a surgical coating.  Ultimately, you will have to decide based upon the evidence you will hear, whether Plaintiff has proven that the coating included on the sutures sold by the defendants materially affects the basic and novel properties of the invention as I just read them to you.

I will give you much more detailed instruction at the close

3

of the case.

          **S/PATTI B. SARIS**
PATTI B. SARIS
United States District Judge