THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **DePuy Mitek, Inc.**<br>    a Massachusetts Corporation<br><br>        **Plaintiff,**<br><br>        v.<br><br>**Arthrex, Inc.**<br>    a Delaware Corporation and<br><br>**Pearsalls Ltd.**<br>    a Private Limited Company<br>    of the United Kingdom<br><br>        **Defendants.** | )<br>)<br>)<br>)<br>)<br>)<br>)  Civil No. 04-12457 PBS<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DePuy Mitek's Supplemental Memorandum in Support
<u>of its Ownership of the Hunter 446 Patent</u>**

In its brief filed on August 7, 2007, Arthrex raised for the first time an allegation that DePuy Mitek is not the owner of the Hunter 446 Patent because the assignment of the patent from Ethicon to Mitek is invalid (Arthrex Br. at 5). Arthrex alleged that there is a "missing link in the chain of title" transferring ownership of the Hunter 446 Patent from the original assignor Ethicon, Inc. of Ohio, to Ethicon, Inc. of New Jersey (which then subsequently assigned the Hunter 446 Patent to DePuy Mitek) (*id.*). Mitek submits this paper along with the original assignment of the Hunter 446 Patent from Ethicon, Inc., of Ohio to Ethicon, Inc., of New Jersey to satisfy any "missing link" in its chain of title to the Hunter 446 Patent.

**I.    A Valid Assignment of the Hunter 446 Patent was Made First to Ethicon,
       Inc. of Ohio and Then to Ethicon, Inc. of New Jersey**

In 1992, the inventors of the 446 Patent – Messrs. Hunter, Steckel, and Taylor-- assigned their rights in their invention to "Ethicon, Inc., a corporation of the State of Ohio" ("Old Ethicon") (D. I. 146 at Exs. 4-5). On December 31, 1995, in an Agreement for Transfer of

Assets and Bill of Sale, Old Ethicon transferred all of the assets and liabilities of its wound closure and related surgical device business to "New Ethicon, Inc., a corporation organized under the laws of the State of New Jersey" ("New Ethicon") (Ex. 1 at DMI095570-74). The transfer of assets from Old Ethicon to New Ethicon was made in consideration for "1 share of Common Stock" having a par value of $1.00. Old Ethicon acknowledged the sufficiency of the "good and valuable consideration" paid to it (*id*. at DMI095570). Effective on February 8, 1996, New Ethicon officially changed its name to Ethicon, Inc. (Ex. 2).

As Mitek advised the Court in it Brief filed on August 3, 2007, in December 2003, Ethicon, Inc. and Mitek entered into an Assumption and Assignment agreement relating to assets and liabilities of the Mitek division (D.I. 146 at Ex. 6). Then in August 2004, Ethicon, Inc. formally assigned the Hunter 446 Patent to Mitek. (*id*. at Ex. 8).

The Mitek/Ethicon, Inc. patent assignment recites that "for good and valuable consideration, *the receipt of which is hereby acknowledged* [by Ethicon, Inc.]," Ethicon, Inc. has "sold, assigned, transferred and set over, and by these presents does hereby sell, assign, transfer and set over to [Mitek] the entire right, title and interest" in the Hunter 446 Patent (*id*.)(emphasis added). Ethicon, Inc. further gave Mitek the "right to sue for and recover damages recoverable for past infringement of the same" (*id.*).

In summary:

1992: Inventors assign to Ethicon, Inc., an Ohio corporation;

1995: Ethicon, Inc., an Ohio corporation, transfers assets to New Ethicon, Inc., a New Jersey corporation;

1996: New Ethicon, Inc., changes name to Ethicon, Inc.; and

2004: Ethicon, Inc. assigns the 446 Patent to DePuy Mitek, Inc., a Massachusetts corporation.

Thus the chain of title to the Hunter 446 Patent is complete and Mitek's ownership of the Hunter 446 Patent is clear.

## II. The Validity of the Assignment of the Hunter 446 Patent from Ethicon, Inc. to Mitek is a Question of State Law

The issue of whether the assignment of a patent to another is valid is governed by state law. *See Beghin-Say Int'l Inc. v. Ole-Bendt Rasmus-Sen*, 733 F.2d 1568, 1571 (Fed. Cir. 1984). The Ethicon, Inc./DePuy Mitek assignment is silent as to which state law (New Jersey or Massachusetts) governs the interpretation of the assignment. A search of New Jersey and Massachusetts case law did not reveal any law requiring consideration in exchange for an assignment.

## III. Conclusion

There is no issue of patent ownership that needs to be tried, as Arthrex cannot proffer any evidence that the assignment of the Hunter 446 Patent to Plaintiff DePuy-Mitek, Inc. was ineffective or invalid. Mitek renews its request for a ruling as a matter of law that it owns the Hunter 446 Patent.

Dated: August 9, 2007

DEPUY MITEK, INC.,
By its attorneys,

 /s/ Erich M. Falke
Dianne B. Elderkin
Lynn A. Malinoski
Michael J. Bonella
Erich M. Falke
WOODCOCK WASHBURN LLP
Cira Centre, 12th Floor
2929 Arch Street
Philadelphia, PA 19104
(215) 568-3100

Daniel J. Gleason (BBO #194900)

                                        Heather Repicky (BBO #663347)  
                                        Nutter McClennen & Fish LLP  
                                        World Trade Center West  
                                          155 Seaport Boulevard  
                                          Boston, MA. 02210-2604  
                                          617-439-2000

## CERTIFICATE OF SERVICE

I certify that I am counsel for DePuy Mitek, Inc. and that true and correct copies of:

**DePuy Mitek's Supplemental Memorandum in Support
of its Ownership of the Hunter 446 Patent**

were served on counsel for Defendants Arthrex, Inc. and Pearsalls Ltd. on this date via the Court's e-mail notification with the following recipients being listed as filing users for Defendants:

>Charles W. Saber
>Dickstein Shapiro LLP
>1825 Eye Street, NW
>Washington, DC 20006
>saberc@dicksteinshapiro.com
>
>Raymond P. Ausrotas
>Todd & Weld LLP
>28 State Street, 31st Floor
>Boston, MA 02109
>rausrotas@toddweld.com

Dated: August 9, 2007                              /s/ Erich M. Falke_____
                                                    Erich M. Falke

5

### New Ethicon, Inc.

ACTION AUTHORIZED BY
UNANIMOUS CONSENT OF SHAREHOLDER
IN LIEU OF A
SPECIAL MEETING OF SHAREHOLDER

The undersigned, holder of 100% of the issued and outstanding shares of New Ethicon, Inc., a New Jersey corporation, pursuant to the provisions of New Jersey General Corporation Law 14A:5-6, do hereby authorize and consent to the following action being taken in lieu of a Special Meeting of Shareholder:

>   RESOLVED: that the transfer to this Corporation of all of the assets and liabilities of the Ethicon Division of ETHICON, Inc. in exchange for 1 share of the Common Stock of this Corporation, pursuant to the terms and conditions of the Agreement for Transfer of Assets and Bill of Sale, a draft of which is attached hereto as Exhibit A, be and it hereby is approved.

Ethicon, Inc.

By _____
  F. J. Ryan, President

Effective Date: December 22, 1995

*DePuy Mitek, Inc. v. Arthrex, Inc.*
*C.A. No.04-12457 PBS*
**DMI095567**

### New Ethicon, Inc.

ACTION AUTHORIZED BY
UNANIMOUS CONSENT OF DIRECTORS
IN LIEU OF A
SPECIAL MEETING OF DIRECTORS

The undersigned, being all of the Directors of New Ethicon, Inc., a New Jersey corporation, pursuant to the provisions of New Jersey General Corporation Law 14A: 6-7, do hereby authorize and consent to the following action being taken in lieu of a Special Meeting of Directors:

RESOLVED: that the transfer to this Corporation of all of the assets and liabilities of the Ethicon Division of ETHICON, Inc. ("Ethicon") in exchange for 1 share of Common Stock of this Corporation, pursuant to the terms and conditions of the Agreement for Transfer of Assets and Bill of Sale, a draft of which is attached hereto as Exhibit A, be and it hereby is approved; and further

RESOLVED: that upon approval of the sole shareholder of this Corporation, the proper officers of this Corporation be and they hereby are authorized and directed to execute and deliver said Agreement for Transfer of Assets and Bill of Sale, attached hereto as Exhibit A, on behalf of this Corporation, with such changes as the proper officers of this Corporation may deem necessary or desirable as conclusively evidenced by their execution thereof; and further

RESOLVED: that the proper officers of this Corporation be and they hereby are authorized and directed to take all such action and to execute, seal and deliver all such documents on behalf of this Corporation as they in their discretion may deem necessary or desirable in order to consummate the intent and purposes of the foregoing resolutions and the transactions contemplated thereby.

*DePuy Mitek, Inc. v. Arthrex, Inc.*
*C.A. No.04-12457 PBS*
*DMI095568*

| _____ | _____ |
| K. A. Berlin              | J. T. Crisan              |
| _____ | _____ |
| R. G. Fulop               | D. M. Lehman              |
| _____ | _____ |
| P. J. O'Neill             | J. R. Penn                |
| _____ | _____ |
| F. J. Ryan                | B. Schwartz               |
| _____ | _____ |
| R. S. Sofinowski          | A. D. Stewart             |

_____
A. L. Weisberg

Effective Date:   December 22, 1995

*DePuy Mitek, Inc. v. Arthrex, Inc.*
*C.A. No.04-12457 PBS*
**DMI095569**

## AGREEMENT FOR TRANSFER OF ASSETS
## AND BILL OF SALE

THIS AGREEMENT, to be effective as of 11:59 p.m. on the 31st day of December, 1995 (the "Effective Time"), by and between Ethicon, Inc., a corporation organized under the laws of the State of Ohio (hereinafter "Old Ethicon"), and New Ethicon, Inc., a corporation organized under the laws of the State of New Jersey (hereinafter "New Ethicon").

WHEREAS, Old Ethicon will at the Effective Time of this Agreement be conducting two lines of business; and

WHEREAS, Old Ethicon is desirous of transferring to New Ethicon all assets and liabilities of its wound closure and related surgical device business (the "DIVISION") on the books or records of Old Ethicon; and

WHEREAS, there is currently 1 share of Common Stock, $1.00 par value, of New Ethicon issued and outstanding; and

WHEREAS, Old Ethicon wishes to transfer to New Ethicon the above-described assets and liabilities in return for 1 share of the Common Stock of New Ethicon, $1.00 par value.

NOW, THEREFORE, in consideration of the premises and the following mutual covenants and undertakings contained in this Agreement it is agreed between the parties that:

1. Old Ethicon, in consideration of the premises and other good and valuable consideration to it to be paid and delivered at or about the Effective Time of this Agreement, the sufficiency of which is hereby acknowledged, does hereby grant, bargain, sell,

assign, alien, remise, release, convey, transfer, set over and confirm, unto New Ethicon, its successors and assigns, forever, all the businesses, franchises, properties and assets of every nature and description, tangible and intangible, wherever located, on the books or records of Old Ethicon with respect to the DIVISION immediately prior to the Effective Time (the "Properties"), the same to include, without limiting the generality of the foregoing, those assets that are more particularly described as follows:

(i) All inventories, materials, supplies, furniture, machinery, equipment, automobiles, trucks and other tangible personal property, goods and chattels of the DIVISION, wheresoever situate;

(ii) All rights, titles, and interest in, to and under all contracts of the DIVISION, including leases (except that nothing herein contained shall be deemed to constitute the assignment of any claim against the United States of America or of any contract that is not assignable without the consent of the other party or parties hereto unless and until such consent shall have been obtained);

(iii) All right, title and interest in, to and under cash on hand and in banks, notes, bonds, inventions, improvements, discoveries and know-how, accounts and bills receivable, books of account, records, agreements, licenses, claims, demands, judgments, equities and choices in action or other tangible property of every nature and description of the DIVISION; and

   (iv) All real estate, improvements and appurtenances thereon or thereto of the DIVISION, as well as all rights and obligations appertaining thereto.

   2. For the consideration aforesaid, Old Ethicon hereby constitutes and appoints New Ethicon, its successors and assigns, the true and lawful attorney or attorneys of Old Ethicon, with full power of substitution, for Old Ethicon and in its name and stead or otherwise, but on behalf and for the benefit of New Ethicon, its successors and assigns, to demand and receive from time to time any and all the Properties hereby assigned, transferred and conveyed, and to give receipts and releases for and in respect of the same and any part thereof, and from time to time to institute and prosecute in the name of Old Ethicon or otherwise, but at the expense and for the benefit of New Ethicon, its successors and assigns, any and all proceedings at law, in equity or otherwise that New Ethicon, its successors or assigns, may deem proper in order to collect, assert or enforce any claim, right or title of any kind in or to the Properties hereby assigned, transferred and conveyed, and to defend or compromise any and all actions, suits or proceedings in respect of any of said Properties and to do all such acts and things in relation thereto as New Ethicon, its successors, or assigns, shall deem desirable; Old Ethicon hereby declaring that the appointment hereby made and the powers hereby granted are coupled with an interest and are and shall be irrevocable by Old Ethicon in any manner or from any reason.

3. For the consideration aforesaid, Old Ethicon, for itself and its successors and assigns, has covenanted, and by this Agreement does covenant, with New Ethicon, its successors and assigns, that it, Old Ethicon, and its successors and assigns, will do, execute and deliver, or will cause to be done, executed and delivered, all such further acts, transfers, assignments and conveyances, powers of attorney, and assurances, for the better assuring, conveying and confirming unto New Ethicon, its successors and assigns, all and singular the Properties hereby assigned, transferred and conveyed as New Ethicon, its successors or assigns, shall reasonably require.

4. In consideration of the assignment, transfer and conveyance to it of the Properties, New Ethicon agrees to assume and hereby does assume and agrees to pay, perform or discharge, as the case may be, all the indebtedness, liabilities and obligations of every kind and description on the books or records of Old Ethicon as pertaining to the DIVISION. New Ethicon hereby covenants and agrees with Old Ethicon that New Ethicon will forever indemnify and save harmless Old Ethicon against all the indebtedness, liabilities and obligations aforesaid hereby assumed and agreed to be paid, performed or discharged, as the case may be, by New Ethicon and to assume and complete all pending contracts of Old Ethicon that are allocated on the books or records to the DIVISION immediately prior to the Effective Time and to indemnify Old Ethicon and its officers, directors and stockholders from any liability under any such indebtedness, liabilities and obligations.

5.  This Agreement and the covenants and agreements herein contained shall inure to the benefit of and shall bind the respective parties hereto and their respective successors and assigns.

IN WITNESS WHEREOF, said ETHICON, INC. and NEW ETHICON, INC. have caused this Agreement to be executed in their corporate names this _____ day of December, 1995.

| ATTEST: | ETHICON, INC. |
|---|---|
| _____ | By: _____ |
| Assistant Secretary | |

| ATTEST: | NEW ETHICON, INC. |
|---|---|
| _____ | By: _____ |
| Assistant Secretary | |

etheth.agr

5

FILED

CERTIFICATE OF AMENDMENT
TO THE
CERTIFICATE OF INCORPORATION
OF
NEW ETHICON, INC.

FEB 8 1996

LONNA R. HOOK
Secretary of

The undersigned, NEW ETHICON, INC., a New Jersey Corporation, for the purpose of amending its Certificate of Incorporation to change its name hereby certifies as follows:

FIRST:  The name of the Corporation is
        New Ethicon, Inc.

SECOND: Article FIRST of the Certificate of Incorporation is hereby amended to read in its entirety as follows:

FIRST:  The name of the Corporation is
        Ethicon, Inc.

THIRD: This amendment was adopted by the sole shareholder of the Corporation on December 28th, 1995.

FOURTH: The number of shares entitled to vote on this amendment was (1).

FIFTH: The number of shares voted for the amendment was (1), with no shares voting against same.

SIXTH: This amendment shall become effective upon filing.

IN WITNESS WHEREOF, New Ethicon, Inc. has caused this Certificate of Amendment to be duly executed this 29th day of December, 1995.

New Ethicon, Inc.

By: _____
    Mr. P. S. Galloway
    Vice President

*DePuy Mitek, Inc. v. Arthrex, Inc.*
*C.A. No.04-12457 PBS*
***DMI095575***